## Case No. 8,089.

### L'ARINA v. MANWARING.

[Bee, 199.] [1]

District Court, D. South Carolina. July, 1803.

ADMIRALTY — JURISDICTION — ACTION FOR SUM AGREED TO BE PAID ON DISCHARGE— SEAMEN'S WAGES.

An agreement by the captain of a vessel to pay wages is sueable in the admiralty. But another stipulation in the same contract to pay a sum of money, if the voyage should be altered or discontinued, must be enforced at common law.

[Cited in Plummer v. Webb, Case No. 11,233; Cox v. Murray, Id. 3,304; Grant v. Poillon, 20 How. (61 U. S.) 168; Peck v. Laughlin, Case No. 10,890.]

This is a suit for the recovery of 200 dollars, under an agreement entered into by defendant at the Havanna on the 1st of May last. The agreement consisted of two parts: 1st. To allow the actor monthly wages, at the rate of 50 dollars per month, and maintenance on board the brig Exchange, as well on shore. 2d. That if the voyage should be changed, or the captain should not return to the Havanna, then to pay the actor 200 dollars over and above his said monthly pay.

Before BEE, District Judge.

Suit was brought against the brig about ten days ago, when the court determined that the vessel and owners were liable for the monthly wages agreed upon; and for no more. This decision could not impair the right of the actor against the captain, under the agreement. Manwaring was no party to that suit: and the jurisdiction of the court as to him was not considered.

It is now contended that Captain Manwaring is liable in this court under this contract. That the contract is entire and cannot be divided. That it must be maritime in toto, or the reverse. This point has already been decided; for the former decree made the vessel liable for monthly wages, and dismissed the suit (as to her and the owners) for the remaining sum stipulated for in the agreement. [Case No. 8,088.]

The next question is, whether Manwaring may be sued personally in this court on the latter part of his contract. The law as laid down in Hopk. Works, 140, "that where the original cause of action is exclusively of ad-miralty, or common law jurisdiction, all incidental matters shall follow," is clear enough; but it can only apply to the parties in the original suit, and not to persons then out of the view of the court. Such is the case now. The former suit was brought by the actor against the vessel and owners. The present is between the same actor and the captain of the vessel, whose act was declared by the court 'not binding on the owners as to the sum of 200 dollars, over and above wages. That decree also declared that the question now under discussion was partly of admiralty, and partly of common law, jurisdiction; in which case the latter shall be preferred. Indeed, the petition in this case states that a suit at common law has been instituted; but that, the actor being a transient person, the defendant means to give bail, for the purpose of delay: which induces the application to this court.

It was contended that this court has jurisdiction, because, though the contract was on land, it contemplated a voyage performed, or to be performed. This will hold so far as relates to the payment of monthly wages, as well on board as on shore, and until the actor shall be discharged. But the stipulation to pay 200 dollars over and above these wages is, expressly, in case no voyage should be performed, or contemplated. This is a strong distinction between the two parts of the agreement; the latter of which is a contract on land, and only cognizable by the court of common law. Bills of lading, policies of insurance, and bottomry bonds, where the vessel is not hypothecated agreeably to the marine law, are all sueable at common law only. Yet these contracts are all more or less connected with a voyage. They give a title to sue the owners or master, but do not make the vessel liable; as she is in the case of seamen's wages.

I have considered the case fully, and have no hesitation in saying that, if I should assume jurisdiction, a prohibition would lie; and as there is no court where it could be immediately obtained, I shall at once decree that this suit be dismissed with costs.